JOE CARSON V. THE STATE.

No. 20450. Delivered May 31, 1939.

The opinion states the case.

*Harry Crump, Jr.,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery; the punishment assessed is confinement in the state penitentiary for a term of 50 years.

It appears from the record that on the night of October 9, 1938, appellant entered the Cox-Moore Drug Company located in Dallas, Texas, and with a gun in hand commanded J. S. Rogers, an employee of said company to open the cash register. When Rogers complied with the command, appellant took therefrom approximately $150.—fifty of it being in one dollar bills and the balance being in five dollar bills.

It appears that while appellant was committing the offense, an automobile was standing outside with the engine in motion. As soon as he had obtained the money, appellant left the building, entered the automobile and fled.

Rogers testified that he was put in fear of his life by the assault made upon him by appellant, and it was for this reason that he opened the cash register and permitted appellant to take the money therefrom. We deem the evidence sufficient to sustain the conviction.

By bill of exception number one, appellant complains of the court's action in overruling his motion for a new trial, based in part on the overruling of his application for a continuance and in part on the ground that the court, who had, just prior to the trial, appointed an attorney to advise appellant, did not give said attorney sufficient time and opportunity to question and advise appellant, or interview any witness or prepare for his defense.

The court qualified said bill and states that the attorney did not request any more time and made no complaint that he had had no opportunity to talk to the defendant, question him, or talk to any witnesses or prepare his defense.

The only ground upon which appellant sought a continuance was that he had a half-brother who lived in West Virginia, but who was not present at the time and place of the commission of the offense, who would have testified to his general reputation as a law-abiding citizen. He does not even claim that he had any defense or any witnesses by whom he could establish the same.

Consequently, the giving of further time to interrogate witnesses when he had none, and to prepare a defense which he did not have, would not have been of any avail to him. The bill as thus qualified fails to show reversible error.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.